**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
ROCIO DELGADO, et al.,

                         Plaintiffs,

          - against -

TARGET CORPORATION,

                         Defendant.
--------------------------------------------------------------X

                    **ORDER**

          CV 07-4443 (DLI) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

          On February 6, 2008, defendant Target Corporation ("Target") issued a subpoena to the

Administration of Children's Services ("ACS") seeking certain records related to plaintiffs Rocio

Delgado ("Delgado") and her infant son.[1]  Docket Entry ("DE") 8 (subpoena).  Pursuant to New

York's Social Services Law, ACS produced those records to the court.  *See* N.Y. Soc. Serv. Law

§ 422(4)(A)(e) (any report made pursuant to Title 6 of the Social Services Law shall be kept

confidential and only made available to certain enumerated entities, including, "a court, upon a

finding that the information in the record is necessary for the determination of an issue before the

court").  Having reviewed the records, for the following reasons I will not order their release to

either party under the current circumstances, although I will entertain an application for further

relief should any party wish to make one.

          First, the records are not necessary to the determination of any issue now before the court.

When the parties appeared before me for an initial conference on November 28, 2007, there was

---

[1]  In accordance with the provisions of the E-Government Act of 2002, Pub. L. No. 107-347 (as
amended Aug. 2, 2004) and this Court's Administrative Order 2004-09, I have omitted from the
case caption the name of Delgado's infant son notwithstanding the fact that it already appears on
the public record of this case by virtue of counsel's inclusion of it throughout the Complaint.  I
note the matter here so that counsel will, in future cases, take care to adhere to the law's
requirements and protect the privacy of the minors and others whose interests the law protects.

some discussion regarding Delgado's standing, or lack thereof, to seek relief on behalf of her son. While I assume Target believes that the records are relevant to that issue, it is not now before the court and will not be so unless and until Target raises a challenge to the plaintiff's standing. Moreover, while it is unquestionably true that the identity of the current custodian of Delgado's son would be relevant to the issue of Delgado's standing if that issue were before the court, *see Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12-14, 17-18 (2004); *Matter of Meyers*, 139 Misc. 2d 265, 266 (N.Y. Sup. Ct. 1988) (citing N.Y. C.P.L.R. § 1201), the records subject to the instant subpoena are not needed to determine that factual matter. What the records add to the facts already known to the parties is nothing more than information explaining the current state of affairs, but such information would have no bearing on the issue of standing even if it were now before the court.

Second, neither party has actually requested that I release the records produced to the court pursuant to the subpoena. In that regard, I note that the plain text of the statue authorizing production of the records to the court does not provide a basis for release to a private entity such as Target. *See* N.Y. Soc. Serv. Law § 422(4)(A)(a)-(z). The statute does, however, authorize release to anyone who is the subject of, or named in, the records. *Id.* § 422(4)(A)(d).

I therefore take no action on the records that have been produced to the court pursuant to Target's subpoena. If either party seeks further relief, I will entertain an appropriate application.

**SO ORDERED.**

Dated: Brooklyn, New York
     April 15, 2008

                                 /s/ James Orenstein___
                                 JAMES ORENSTEIN
                                 U.S. Magistrate Judge